# CASES IN THE SUPREME COURT

**280**

Eastern Dist.
*May*, 1835.

LAMEYER
*vs.*
ROUZAN.

## LAMEYER *vs.* ROUZAN.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF
. NEW-ORLEANS.

The danger which a purchaser may apprehend of ultimate eviction on account of minors being interested in the property sold, ought to have been considered before he bought and paid the price of adjudication. It will not authorise an injunction to restrain the owners from receiving the proceeds of the sale which have been deposited in bank.

Courts of justice will not interfere in the contracts or transactions of 'men to redress wrongs, or prevent evils only very remotely probable, or barely possible in their occurrence.

This suit commenced by injunction. The plaintiff shows that he became the purchaser of certain immoveable property, in the city of New-Orleans, which belonged to minors living in France, and which had been seized in an attachment suit against said minors. That he purchased it for the sum of twelve thousand dollars, and the purchase money, after paying a small judgment rendered in said suit, amounting to the sum of eleven thousand five hundred dollars, was deposited in Bank. See *Chiapella* vs. *Couprey et al., ante,* 84.

He now alleges, that said property was owned by three minor children in France, and that the defendant who is their attorney in fact, is about receiving the balance of the proceeds of said sale and purchase, which was deposited in bank, as before stated; and, "that from the inspection of the proceedings had in said suit, both before and after the sale, and of the documents on file therein, as well as from other information, he is advised there is just reason to fear he will be disquieted by said minors in an action of eviction, as they are by no means bound by the proceedings and judgment in said suit, in which their interests were not properly defended and they not made parties," &c. He prays for an injunction to restrain the bank from paying over

the money, until said minors, who are now at an age to be emancipated by marriage or otherwise, shall approve of the sale òr give security, that he shall not be disquieted in his possession, &c. The injunction was granted as prayed for.

The defendant excepted to the petition, on the ground that it contained no cause of action, or allegations necessary to maintain an injunction ; and that it is false that the plaintiff has any reason to fear, that he will be disquieted in his possession, &c.

On hearing the arguments in the case on these pleadings, the court was of opinion the plaintiff had just reason to fear he would be disquieted in his possession, and maintained and perpetuated the injunction. The defendant appealed.

*D. Seghers*, for the plaintiff.

*Denis*, for the defendant and appellant.

*Mathews, J.*, delivered the opinion of the court.

This is a suit in which an injunction was prayed for to prevent the defendant from receiving a certain sum of money which had been deposited in the Bank of the Consolidated Association, by order of the court below. The injunction was granted, and afterwards made perpetual, and from which the defendant appealed.

The money in dispute proceeds from a sale of property seized and sold by the sheriff, und era *fieri facias*, which issued on a judgment renderedin a suit where in one Chiapella was plaintiff *vs.* Couprey *et al.* That suit commenced by attachment, which was levied on a lot and the buildings thereon, situated on Dauphin-street, in the city of New-Orleans, the property of certain minors who reside in France with their mother and tutrix. The interests of the defendants were represented by a curator *ad hoc*, regularly appointed in pursuance of certain provisions of the *Louisiana Code* and *Code of Practice.*

The injunction was allowed and maintained by the court below, on the supposition that the purchaser at sheriff's sale

The danger which a purchaser may apprehend, of ultimate eviction,

may possibly be disturbed in his property and possession, by the defendants in execution, who are minors, after they arrive at the age of majority. The question of any ultimate danger of eviction, to which the plaintiff in the present suit may or may not be exposed, is one which we do not consider the circumstances of this case, require to be examined. The proceedings in that under which the property was sold, appear to have been conducted in the mode prescribed by law for similar pursuits. The danger which seems now to be apprehended, ought to have been taken into view by the purchaser, before he bought and paid the price of adjudication. We are of opinion that no substantial and legal grounds are shown to exist, on which the injunction ought to be maintained. We are not acquainted with any principles of jurisprudence requiring courts of justice to interfere in the contracts or transactions of men, to redress wrongs or prevent evils which are very remotely probable, or barely possible in their occurrence.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be reversed and annulled, and that the injunction be dissolved which was obtained by the plaintiff and appellee, at his costs in both courts.